## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEVIN SMITH,** | **:** | |
| **Plaintiff** | **:** | **CIVIL ACTION NO. 3:21-0610** |
| **v.** | **:** | **(JUDGE MANNION)** |
| **DR. KOLLMAN, *et al.*,** | **:** | |
| **Defendants** | **:** | |

## MEMORANDUM

### I. BACKGROUND

Plaintiff, Devin Smith, an inmate confined at the Benner Township State Correctional Institution, Bellefonte ("SCI-Benner Township"), Pennsylvania, filed the above caption civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). He complains of alleged inadequate medical treatment relating to the removal of stitches from his face, chin, and buttocks. Id. The named Defendants are the following SCI-Benner Township employees: Dr. Kollman, Nurse Christine, Nurse Boland, and Superintendent Marsh. Id.

Presently before the Court are Defendants' motions to dismiss the Plaintiff's complaint. (Docs. 26, 28). To date, no brief in opposition has been filed. For the reasons that follow, the Court will grant Defendant's motion to dismiss as unopposed.

## II. ALLEGATIONS IN COMPLAINT

Plaintiff's compliant states in toto:

This happen at medical. Nurse Christine took out my stitches on 4-12-19 on my chin, face, buttocks was bleeding profusely.

Dr. Kollman told me he did not seen (sic) Nurse Christine a email to take out my stitches. Dr. Kollman I'm on the list for a follow-up appointment with the surgeon scheduled for sometime this week. Nurse Christine removed my stitches without Dr. Kollman say so. Now my face, chin, buttocks is scar for life. The gash on my face is approximately 3cm wide and 4cm long. Everyday for 30 days my face, chin, buttocks leak fluid profusely. 3 times a day I had to go to the medical treatment line to get my wounds changed due to poor treatment.

(Doc. 1, complaint). Plaintiff claims, "Eighth Amendment adequate medical care" and "Medical Malpractice, Deliberate Indifference." Id. For relief, Plaintiff seeks "monetary relief." Id.

## III. MOTION TO DISMISS

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests. See Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). The plaintiff must present facts that, accepted as true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a). Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that

- 2 -

the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) for its "failure to state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6).

When ruling on a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that their claims are facially plausible. See Iqbal, 556 U.S. at 678; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct: "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.' " See Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, the Third Circuit has identified the following steps that a district court must take when reviewing a 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the

assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (internal citations and quotation marks omitted). The Third Circuit has specified that in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." See Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

In the context of *pro se* prisoner litigation, the court must be mindful that a document filed *pro se* is "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can be dismissed for failure to state a claim only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

**IV. D**ISCUSSION

Defendants move for dismissal of Plaintiff's complaint based on Plaintiff's failure to properly exhaust administrative remedies prior to bringing the instant action. (Doc. 29 at 6). In support of their argument, Defendants submit a copy of Plaintiff's grievance history from November 12, 2015 through March 20, 2020. (Doc. 29-2 at 21). Plaintiff's grievance history demonstrates that on April 29, 2019, Plaintiff's filed Grievance No. 799092 about his April 12, 2019 health care. Id. This grievance was denied at the initial grievance review stage and no further appeal was taken. Id. In fact, Plaintiff's grievance history demonstrates that out of the eleven grievances Plaintiff filed during the above referenced time frame, only one was appealed to final review before the Secretary's Office of Inmate Grievance and Appeals. Id. That grievance was filed on May 20, 2019 and complained of sexual harassment by staff. Id.

Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner must pursue all available avenues of relief through the applicable grievance system before initiating a federal civil rights action. See 42 U.S.C. §1997e(a); Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) ("[A]n inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). Section 1997e provides, in relevant part, that "[n]o action shall

be brought with respect to prison conditions under [S]ection 1983 of this title, or any other [f]ederal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." See 42 U.S.C. §1997e(a). The exhaustion requirement is mandatory. See Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007); see also Booth, 532 U.S. at 742 (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures").

The Third Circuit has further provided that there is no futility exception to Section 1997e's exhaustion requirement. See Nyhuis v. Reno, 204 F.3d 65, 75-76 (3d Cir. 2000). Courts have typically required across-the-board exhaustion by inmates seeking to pursue claims in federal court. See id. Additionally, courts have interpreted this exhaustion requirement as including a procedural default component, holding that inmates must fully satisfy the administrative requirements of the inmate grievance process before proceeding with a claim in federal court. See Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004); see also Oriakhi v. United States, 165 F. App'x 991, 993 (3d Cir. 2006) (providing that "there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in

federal court"). Courts have also concluded that inmates who fail to complete the prison grievance process in a full and timely manner are barred from subsequently litigating claims in federal court. See, e.g., Bolla v. Strickland, 304 F. App'x 22 (3d Cir. 2008).

This broad rule favoring full exhaustion allows for a narrowly defined exception; if the actions of prison officials directly caused the inmate's procedural default as to a grievance, the inmate will not be required to comply strictly with this exhaustion requirement. See Camp v. Brennan, 219 F.3d 279 (3d Cir. 2000). However, courts also recognize a clear "reluctance to invoke equitable reasons to excuse [an inmate's] failure to exhaust as the statute requires." See Davis v. Warman, 49 F. App'x 365, 368 (3d Cir. 2002). Thus, an inmate's failure to exhaust will be excused only "under certain limited circumstances," see Harris v. Armstrong, 149 F. App'x 58, 59 (3d Cir. 2005), and an inmate may defeat a claim of failure to exhaust only by showing "he was misled or that there was some extraordinary reason he was prevented from complying with the statutory mandate." See Warman, 49 F. App'x at 368.

In the absence of competent proof that an inmate was misled by corrections officials, or some other extraordinary circumstances warranting a departure from strict compliance with the exhaustion requirement, courts

- 7 -

frequently reject inmate requests for their failure to exhaust to be excused. An inmate, therefore, may not excuse a failure to comply with these grievance procedures in a timely manner by simply claiming that his efforts constituted "substantial compliance" with this statutory exhaustion requirement. See Harris, 149 F. App'x at 59. Furthermore, an inmate may not avoid this exhaustion requirement by merely alleging that the administrative policies were not clearly explained to him.  See Warman, 49 F. App'x at 368. Consequently, an inmate's confusion regarding these grievances procedures does not, alone, excuse a failure to exhaust. See Casey v. Smith, 71 F. App'x 916 (3d Cir. 2003); see also Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.'" (citations omitted)).

The Supreme Court has considered what renders administrative remedies unavailable to an inmate such that a failure to exhaust may be excused. See Ross v. Blake, 136 S. Ct. 1850 (2016).  The Court noted "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." See id. at 1859. First, an administrative procedure is not available "when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with

officers unable or consistently unwilling to provide any relief to aggrieved inmates." <u>See</u> id. Second, a procedure is not available when it is "so opaque that it becomes, practically speaking, incapable of use." <u>See</u> id. Finally, a procedure is unavailable when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misinterpretation, or intimidation." <u>See</u> id. at 1860. However, "once the defendant has established that the inmate failed to resort to administrative remedies, the onus falls on the inmate to show that such remedies were unavailable to him." <u>See</u> Rinaldi v. United States, 904 F.3d 257, 268 (3d Cir. 2018).  The Third Circuit established that:

> to defeat a failure-to-exhaust defense based on a misrepresentation by prison staff, an inmate must show (1) that the misrepresentation is one which a reasonable inmate would be entitled to rely on and sufficiently misleading to interfere with a reasonable inmate's use of the grievance process, and (2) that the inmate was actually misled by the misrepresentation.

Hardy v. Shaikh, 959 F.3d 578, 588 (3d Cir. 2020).

Defendants have properly raised the matter of exhaustion of administrative remedies with respect to Plaintiff's claims. They argue that Plaintiff has failed to appeal any grievance regarding his April 12, 2019 medical treatment to final review before the Chief of the Secretary's Office of Inmate Grievances and Appeals. Plaintiff does not refute the defense that he failed to properly exhaust the claims before the Court. The PLRA requires

- 9 -

full and proper exhaustion prior to the initiation of Plaintiff's claims in federal court, and this Court cannot excuse compliance with those requirements. Moreover, Plaintiff has not presented any evidence to suggest that the administrative remedy procedure was rendered unavailable to him. The Court, therefore, will grant Defendants' motions on the basis that Plaintiff failed to properly exhaust his administrative remedies.

## V.  LEAVE TO AMEND

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Here, the Court concludes that it would be futile to grant Plaintiff leave to file an amended complaint because he failed to exhaust his administrative remedies prior to initiating the above-captioned action. See Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004). Thus, the Court will dismiss the Plaintiff's §1983 claims without leave to amend.

**VI.**  C̲O̲N̲C̲L̲U̲S̲I̲O̲N̲

For the foregoing reasons, the Court will grant Defendants' motions without leave to amend. (Doc. 26, 28.) A separate Order shall issue.

A separate Order shall issue.

_S/ Malachy E. Mannion_
**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 13, 2022**
21-0610-01

- 11 -