UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEVIN SMITH,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:21-0610** |
| **v.** | : | **(JUDGE MANNION)** |
| **DR. KOLLMAN, *et al*.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

### I. BACKGROUND

Plaintiff, Devin Smith, an inmate confined at the Benner Township State Correctional Institution, Bellefonte ("SCI-Benner Township"), Pennsylvania, filed the above caption civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). He complains of alleged inadequate medical treatment relating to the removal of stitches from his face, chin, and buttocks. Id. The named Defendants are the following SCI-Benner Township employees: Dr. Kollman, Nurse Christine, Nurse Boland, and Superintendent Marsh. Id.

By Memorandum and Order dated April 13, 2022, Defendants' motions to dismiss Plaintiff's complaint for failure to exhaust administrative remedies was granted and the action was closed. (Docs. 32, 33).

Presently before the Court is Plaintiff's motion for reconsideration of

this Court's April 13, 2022 Memorandum and Order, granting Defendants' motions to dismiss for Plaintiff's failure to exhaust and closing the above captioned action. (Doc. 35).[1] For the reasons that follow, the Court will deny the Plaintiff's motion for reconsideration.

## II. Discussion

A motion for reconsideration is a device of limited utility, which may "not be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citations omitted); see also Baker v. Astrue, Civ. No. 07-4560, 2008 WL 4922015, at *1 (E.D. Pa. Nov. 17, 2008). Rather, a court may alter or amend its judgment only upon a showing from the movant of one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence ... or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is

[1] The Court notes that no brief in support of the motion has been filed, as is required by M.D. Pa. Local Rule 7.5.

appropriate when a court has "patently misunderstood a party or has made a decision outside the adversarial issues presented to the [c]ourt by the parties or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996). "It may not be used as a means to reargue unsuccessful theories or argue new facts or issues that were not presented to the court in the context of the matter previously decided." Gray v. Wakefield, No. 3:09-cv-979, 2014 WL 2526619, at *2 (M.D. Pa. June 4, 2014); see also Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden'."). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

A review of this Court's Memorandum and Order reveals that the Court

granted Defendants' motions to dismiss Plaintiff's complaint for Plaintiff's failure to exhaust administrative remedies prior to filing the instant action based on the following:

> Defendants move for dismissal of Plaintiff's complaint based on Plaintiff's failure to properly exhaust administrative remedies prior to bringing the instant action. (Doc. 29 at 6). In support of their argument, Defendants submit a copy of Plaintiff's grievance history from November 12, 2015 through March 20, 2020. (Doc. 29-2 at 21). Plaintiff's grievance history demonstrates that on April 29, 2019, Plaintiff's filed Grievance No. 799092 about his April 12, 2019 health care. Id. This grievance was denied at the initial grievance review stage and no further appeal was taken. Id. In fact, Plaintiff's grievance history demonstrates that out of the eleven grievances Plaintiff filed during the above referenced time frame, only one was appealed to final review before the Secretary's Office of Inmate Grievance and Appeals. Id. That grievance was filed on May 20, 2019 and complained of sexual harassment by staff. Id.
>
> Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner must pursue all available avenues of relief through the applicable grievance system before initiating a federal civil rights action. See 42 U.S.C. §1997e(a); Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) ("[A]n inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). Section 1997e provides, in relevant part, that "[n]o action shall be brought with respect to prison conditions under [S]ection 1983 of this title, or any other [f]ederal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." See 42 U.S.C. §1997e(a). The exhaustion requirement is mandatory. See Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007); see also Booth, 532 U.S. at 742 (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures").

. . .

> Defendants have properly raised the matter of exhaustion of administrative remedies with respect to Plaintiff's claims. They argue that Plaintiff has failed to appeal any grievance regarding his April 12, 2019 medical treatment to final review before the Chief of the Secretary's Office of Inmate Grievances and Appeals. Plaintiff does not refute the defense that he failed to properly exhaust the claims before the Court. The PLRA requires full and proper exhaustion prior to the initiation of Plaintiff's claims in federal court, and this Court cannot excuse compliance with those requirements. Moreover, Plaintiff has not presented any evidence to suggest that the administrative remedy procedure was rendered unavailable to him. The Court, therefore, will grant Defendants' motions on the basis that Plaintiff failed to properly exhaust his administrative remedies.

(Doc. 32).

Plaintiff's motion for reconsideration takes exception to the fact that this Court granted Defendants' motions to dismiss as unopposed and attempts to argue that prison staff's interference with the mailing of Plaintiff's brief in opposition to Defendants' pending motions requires this Court to conclude that Plaintiff has exhausted his administrative remedies. (Doc. 35). Plaintiff's argument misapprehends the application of defeating a failure to exhaust defense under Ross v. Blake, 578 U.S. 632 (2016),[2] and Plaintiff's

---

[2] The Ross Court noted "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." Id. at 643. First, an administrative procedure is not available "when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." Id. Second, a

*(footnote continued on next page)*

failure to file a brief in opposition to Defendants' motion to dismiss as is required by M.D. Pa. Local Rule 7.6.

Here, Plaintiff states that his response to Defendants' motion to dismiss was due on February 28, 2022 and he "sent [his] response in on February 15, 2022" but "based on an interfere by prison staff" his response "never got there because it was sent back 60 days from February 22, 2022." (Doc. 35). While this argument explains Plaintiff's failure to file a response to Defendants' motion to dismiss, it sheds no light on the underlying basis for the dismissal of Plaintiff's action, namely his failure to exhaust administrative remedies. Moreover, Plaintiff does not even include his brief in opposition, or reference its contents, within his motion for reconsideration.

Plaintiff further argues that that "if [he] had [his] records or documents [he] can prove that Dr. Kollman did not seen Nurse Christine a email to removal of stitches" and that "Dr. Kollman said [he] was going back to the hospital to see 'if' [Plaintiff's] is ready to be removed." (Doc. 35). Plaintiff's argument simply reiterates the allegations contained within his complaint. He, once again, however, offers nothing in the way of defeating Defendants'

---

procedure is not available when it is "so opaque that it becomes, practically speaking, incapable of use." Id. Finally, a procedure is unavailable when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misinterpretation, or intimidation." Id. at 644.

argument that he failed to exhaust administrative remedies with respect to his medical claims contained in his complaint.

As such, Plaintiff presents no evidence that this Court misunderstood or misinterpreted the law as it applies to his situation. Smith's action was properly dismissed for failure to exhaust administrative remedies. Accordingly, this Court finds that its Memorandum and Order of April 13, 2022, is not troubled by manifest errors of law or fact and Plaintiff has not presented anything new, which if previously presented, might have affected our decision. Consequently, the motion for reconsideration will be denied.

## V. Conclusion

For the reasons set forth above, the Court will deny Plaintiff's motion for reconsideration.

A separate Order shall issue.

**MALACHY E. MANNION**
**United States District Judge**

**DATE: January 12, 2023**
21-0610-02